GYLES *v*. STADEL.

1. VENDOR AND PURCHASER—FRAUD—RESCISSION.

In suit to rescind contract for purchase of farm on ground of fraud in misrepresenting quality of soil, decree for plaintiff was warranted by evidence.

2. SAME—CONTRACTS—SEVERABILITY—SALES.

Contract for purchase of land and chattels, although fixing price of each separately, was not severable, where they were merged, and any breach to purchase either worked default.

3. CONTRACTS—FRAUD—RESCISSION—REASONABLE TIME.

Defrauded party who seeks to rescind must act with reasonable promptness after discovering facts, and what is reasonable time depends on circumstances of particular case.

4. SAME—LACHES—EQUITY.

Defense of laches will not defeat right to rescind on ground of fraud, unless it would be inequitable to deny it.

5. VENDOR AND PURCHASER—FRAUD—RESCISSION—LACHES.

Defense of laches is not sustainable where delay in bringing suit for rescission of contract for purchase of farm on ground of fraud was in order to test productivity by season's cropping, and defendants were not prejudiced thereby.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 8, 1930. (Docket No. 39, Calendar No. 34,986.) Decided December 2, 1930.

Bill by Mary E. Gyles against Samuel Stadel and another to enjoin summary proceedings and rescind a contract for the exchange of real and personal property. From a decree for plaintiff, defendants appeal. Affirmed.

*Jacob F. Fahrner,* for plaintiff.

As to representation of vendor as to quantity and condition of soil, see annotation in L. R. A. 1917C, 273.

*Kirkby & Kirkby* and *Blackman & Williams,* for defendants.

CLARK, J.   Plaintiff contracted, on February 8, 1928, to purchase from defendants a farm of 40 acres for $5,500 and certain chattels thereon for $1,000, and transferred, as down payment, her equity in a lot at the agreed price of $2,435.94.   The time of taking possession was March 1, 1928.

A bill of sale of the chattels was given with chattel mortgage back for the price thereof.   The land contract incorporates the bill of sale and chattel mortgage by reference:

"It is expressly understood and agreed that second party is also taking the personal property on said premises and that a bill of sale and chattel mortgage has been executed on said personal property to protect said Samuel and Mary M. Stadel and that if said second party should default in the terms of said chattel mortgage then this agreement shall be considered defaulted and foreclosed in the same manner as is provided by law."

The remainder of the consideration was payable:

"$400 per year, payable semi-annually and the interest on the land contract is to be deducted first and the balance paid on the chattel mortgage until the $1,000 chattel mortgage indebtedness is paid in full after which the sum of $400 is to be fully applied to this agreement, after deducting interest at six per cent. per annum payable semi-annually."

Plaintiff did not pay installment due in August, 1928, and defendants, in October following, gave notice of forfeiture and instituted summary proceedings.   Plaintiff then filed this bill for rescission on

the ground of fraud and to enjoin prosecution of the law action.

Plaintiff had decree. Defendants have appealed.

The preponderance of the evidence is that there is a large disparity between the price plaintiff agreed to pay for the farm, $5,500, and its actual value, the disparity being nearly $3,500, and it is alleged, rightfully as found by the trial court, that the purchase was brought about by fraud of defendants in that they misrepresented the kind and quality of the soil. Plaintiff did not see the land before purchasing. Her husband, a young man of rather small experience in farming, saw it in the winter in time of snow and frost.

Plaintiff testified that she purchased in reliance upon defendant's representations that the soil was good and productive, and that it was found later on attempting to crop the land that it was sand, or blow sand, and of little value.

We are not persuaded that we should disturb the finding of the trial court.

It is contended that the contract is severable, and that fraud does not vitiate the whole.

While the prices of the real property and of the chattels were fixed separately, they are merged by the contract into an entire consideration, and the purchase of the chattels is tied into the land contract so that any breach of the contract to purchase either land or chattels works default of the contract permitting forfeiture. The contract therefore is not severable. 13 C. J. p. 563.

Lastly, it is urged that relief should be denied because of laches.

A defrauded party who seeks to rescind must act with reasonable promptness after discovering the facts. What is a reasonable time depends on the

circumstances of the particular case. *Cornell* v. *Crane,* 113 Mich. 460. This defense will not be permitted to defeat the right to rescind unless it would be inequitable to deny it.

And it was said in *Parks* v. *Brooks,* 188 Mich. 645:

"Laches does not necessarily grow out of a mere lapse of time. * * * Laches rests chiefly on the inequity of permitting a claim to be enforced by reason of changed conditions or relations of the property or parties resulting from delay."

Although plaintiff (and her husband) knew early in the season of the apparent quality of the soil, they thought the representation as to productivity should be tested by a season's cropping. Plaintiff was not a farmer and her husband had small experience in that regard. The delay has not worked wrong or change prejudicial to defendants. We think it would be inequitable, on the facts of this case, to sustain the defense of laches. *Heth* v. *Oxendale,* 238 Mich. 236.

No other matter calls for discussion.

Decree affirmed. Costs to plaintiff.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.