*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AARON D. SMALLEY,

      Plaintiff-Appellant,

v

DOW CHEMICAL COMPANY,

      Defendant-Appellee,

and

DOW SILICONES CORPORATION,

      Defendant.

UNPUBLISHED
January 20, 2022

No. 353262
Midland Circuit Court
LC No. 19-006177-CD

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

STEPHENS, J. (*concurring*).

I concur with the majority's analysis of the plaintiffs claim under MCL 37.1201 et seq. Specifically, I will address MCL 37.1202(1)(b) and MCL 37.1103(d)(i)(A). However, it is in part due to that analysis that I depart from the analysis of the "perceived disability". The heart of the majority's analysis of the plaintiff's actual disability claim was that the plaintiff failed to present proof that the physical condition of diabetes had a substantial affect on his ability to participate in the activities of daily life or his ability to perform his job.

In ruling on the perceived disability claim the trial court noted:

The Court concurs with Defendant that the analysis that was contained, even though it was unpublished, in the case of Gerow, G-e-r-o-w, versus City of Saginaw which is 2001 Westlaw 1338790, would seem to indicate -- not seem to, does indicate that this is --this does not fall within the parameters of a deemed, or perceived disability. And, in fact, it was specifically on point having to deal with an insulin-dependent diabetic condition for which the employer had been aware of that.

-1-

The majority, like the trial court, wrongly concludes that unless the perception of the condition was itself inaccurate the plaintiff's case fails. Contrary to the majority's analysis, the fact that the plaintiff has a physical condition does bar a claim. Instead, a person who claims perceived disability must present proof of a defendant's perception of a condition coupled with the misperception of the condition's affect upon a person's ability. This plaintiff agrees that the defendant was aware of the plaintiff's diabetes and ADD. Thus, the defendant accurately perceived or knew of the condition. In *Chiles v Machine Shop Inc.*, 238 Mich App 462 (1999), the court described a multi-step analysis of perceived disability case. The majority quotes a portion of the *Chiles* analysis in which the court described the almost "open and obvious nature" of many physical conditions which could support a perceived disability case. Chiles , however, was not inconsistent with the standards of proof noted in *Michalski v Bar-Levav*,463 Mich 723, t_625 NW2d 754(2001), the controlling case on the nature of proofs required under PWDCRA. The first step in that framework is to examine the absence of presence of proofs that the plaintiff had a physical or mental condition of which the defendant was aware. *Chiles* did not require that the perception of physical impairment be false or inaccurate. Regardless of whether plaintiff was actually disabled within the meaning of the PWDCRA, and even if plaintiff no longer had any impairment at all at the time of the alleged discriminatory conduct, defendant could be found to have violated subsection 103d of the PWDCRA if it discriminated against plaintiff on the basis of a perceived disability.

This plaintiff presented proof that his direct supervisor was aware of his diabetes satisfying the perception requirement. He is then required to prove that the medical condition was in fact a disability. Plaintiff's direct supervisor Harding expressed grave concerns about the affect of his medical condition on plaintiff's ability to perform his work. On July 26, 2018, Thomas Bender, Associate Health Services Director and Epidemiologist for defendant, sent an e-mail to, among others, Harding about plaintiff's graduated work hours. Harding responded that he had "major concerns with bringing [plaintiff] back into a manufacturing environment where decisions that he makes will impact the health and safety of our people and the environment. [Plaintiff] was making poor decisions and I was having to triple check his work prior to him being put on medical." Harding asked, "What is his diagnosis? Why is his work schedule being restricted?" Thus, there is direct evidence that Harding connected the plaintiff's medical condition to his ability to perform his job duties.

*Chiles* gives us guidance as to how to analyze the import of Harding's expressed concerns. The *Chiles* analysis directs that once there is evidence of condition and the employer's perception that the condition affects an employee's work we must determine whether the record contains evidence sufficient to establish that defendant perceived plaintiff as being disabled within the meaning of the PWDCRA. In other words, a plaintiff must present evidence that the perceived physical condition was a disability in the legal sense. As noted in the majority opinion, a disability must affect a major life activity which are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 218 29 C.F.R. § 1630.2(i); *Dutcher v Ingalls Shipbuilding*, 53 F.3d 723, 726 (CA5 1995); *Jasany v United States Postal Service*, 755 F.2d 1244, 1248 (CA6 1985). Here, the major life activity of concern is working. There is as noted above, evidence that Harding was concerned that plaintiff could not perform work in the job to which he was assigned. However, the question is not whether the plaintiff is perceived unable to do certain work but whether he was not able to participate in the life activity of working in the broader sense. An impairment that interferes with an individual's

ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment elsewhere, does not substantially limit the major life activity of working. 29 CFR. § 1630.2(j)(3)(i); *Dutcher*, supra, p 727; *Jasany*, supra, p 1248; see *E.E. Black, Ltd. v Marshall*, 497 F Supp. 1088, 1099–1101 (D Hawaii 1980).

The record in this case contains evidence that the plaintiff's direct supervisor perceived that the plaintiff was not able to perform the job to which he was assigned in part due to his physical conditions of diabetes and the diabetes medication sequela of the statin induced ADD. The plaintiff's case fails however, because even in the light most favorable to the plaintiff, Harding's perception (whether he was correct or incorrect ) that the plaintiff could not perform the job of technical advisor but is devoid of evidence that Harding thought the plaintiff was unable to perform other work. The most direct evidence of Harding's perception was his April 2018 memorandum to Bowerman where he wrote, "He ( Harding) is not meeting the expectations of a TA role in 2901/3104 and I think his medical conditions have much to do with it". The Plaintiff admits, however, that Harding urged him to seek an assignment elsewhere in the company and he declined to do. This implies Harding thought he had ability to work and learn but not the expressed skill set to perform the TA job.

For the purposes of this case, it does not matter whether Harding's perception of a causal connection between the plaintiffs uncontested medical condition, and his potential for performing his assigned duties is erroneous at this stage of review. What is of consequence is whether Harding's perception, viewed in the light most favorable to the plaintiff, is a disability, as defined in the law. Disability, as the majority correctly states, is something that has a "substantial affect" on the major life activity of working. The record evidence contains no direct evidence that Harding did not think the plaintiff was capable of satisfactory work elsewhere. There is evidence from the plaintiffs last performance review, statements from Harding on numerous documents and in his deposition as well as the admissions by plaintiff that plaintiff made errors at work and was not physically capable of meeting Harding's extreme work hour expectations. However, the record contains neither direct nor any circumstantial evidence that Harding erroneously perceived that plaintiff was incapable of any satisfactory work. To the contrary Harding urged the plaintiff to request reassignment within the Dow organization.

Plaintiff argues that the failure to follow certain Dow procedures provides evidence in support of his case that he was wrongly perceived to be disabled and suffered adverse employment action because of that misperception. However, Dow's procedural deviation error does not supply the missing proofs that Harding or any other person deemed him to disabled according to either the PWDCRA. Thus, while I depart from the majority's analysis, I concur with the result of affirming the trial court's grant of summary disposition against the perceived disability claim, albeit for the wrong reasons.


/s/ Cynthia Diane Stephens

-3-