*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ILENE HOWE,

   Plaintiff-Appellant,

v

C&S MOTORS INC,

   Defendant-Appellee.

UNPUBLISHED
February 22, 2024

No. 364777
Genesee Circuit Court
LC No. 21-116008-CD

Before: LETICA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Plaintiff had been defendant's employee for over 20-years when defendant terminated her employment, and she alleged that her job was terminated because of her age or perceived disability. The trial court granted defendant summary disposition. We affirm.

## I. BACKGROUND

Defendant originally posted that it was hiring a "service writer," and the posting indicated that the job required the position to, among other things, "deliver vehicle(s) to customer and answer questions." Plaintiff applied for this position as an internal applicant, and defendant hired a different applicant for the position who, defendant asserted, had more experience as a service writer.

Defendant then expanded its hours of operation, and it determined that it needed an additional service writer for those expanded hours. Plaintiff applied to defendant's second posting as an internal applicant, and defendant hired plaintiff into that position at a different schedule than the first-hired service writer. Defendant later reduced its hours of operation, however, and this caused both service writers to have overlapping schedules.

Plaintiff then informed a supervisor that she was going to a medical appointment because of a "suspicious spot" on her lungs. The day after plaintiff informed the supervisor of her medical appointment, defendant terminated plaintiff's employment, and the first-hired service writer maintained her position. At the time, plaintiff was 56-years-old and the first-hired service writer was 46-years-old. Defendant stated that it eliminated plaintiff's position because it only needed

-1-

one service writer after it reduced its hours of operation. Plaintiff did not apply for any other positions that defendant was hiring for after her position as a service writer was terminated.

Plaintiff alleged that defendant had violated the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*, because it had discriminated against her based on her age. Specifically, she alleged that her employment was terminated instead of the first-hired service worker who was approximately 10-years younger than her. Plaintiff additionally alleged that defendant had also violated the Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*, because she had informed her supervisor that she had a suspicious spot on her lungs soon before her employment was terminated.

In support of her contention that the termination of her employment was premised on unlawful discrimination, plaintiff argued that she was more qualified for the position than the first-hired service writer. Specifically, plaintiff maintained that she had a "Commercial Driver's License" that was a requirement for the position, and she asserted that the first-hired service writer did not have that license.

Defendant moved for summary disposition because, it argued, plaintiff had not provided evidence to substantiate any alleged discriminatory motivation, and defendant provided affidavits from its general manager as well as from plaintiff's supervisor to argue that there was a legitimate, nondiscriminatory purpose for the termination of plaintiff's employment. Both affidavits stated that each affiant had determined that the first-hired service writer was more qualified because she had more service-writing experience and that neither knew anything about plaintiff's medical history or conditions. Further, defendant provided documentation substantiating that it reduced its hours of operation, and that this reduction caused both service writers to be working on an overlapped schedule.

The trial court found that plaintiff did not demonstrate that defendant's employment decision was motivated by plaintiff's age, and there was no evidence that defendant had perceived plaintiff as being disabled. Thus, the trial court granted defendant summary disposition.

Plaintiff now appeals.

## II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Plaintiff argues that she presented a prima facie case of age discrimination under the ELCRA as well as disability discrimination under the PWDCRA, and, thus, the trial court erred in granting defendant summary disposition.

## A. PWDCRA

Turning first to the PWDCRA, an employer may not "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability or genetic information that is unrelated to the individual's ability to perform the duties of a particular job or position." MCL 37.1202(1)(b). Plaintiff does not argue that she was disabled, but rather that defendant discriminated against her on the basis of a perceived disability. To succeed on a claim of a perceived disability, plaintiff must demonstrate:

> (1) that the employee was regarded as having a determinable physical or mental characteristic, (2) that the perceived characteristic was regarded as substantially limiting one or more of the plaintiff's major life activities, and (3) that the perceived characteristic was regarded as being unrelated either to the plaintiff's ability to perform the duties of a particular job or position or to the plaintiff's qualifications for employment or promotion. [*Michalski v Bar-Levav*, 463 Mich 723, 735; 625 NW2d 754 (2001).]

Plaintiff argues that her announcing that she was attending a medical appointment for a suspicious spot on her lungs demonstrates a prima facie case of discrimination, but plaintiff ignores that our Supreme Court has held that claims similar to plaintiff's fail when there is no substantiating evidence. In *Michalski*, the plaintiff told her employer that she had been tentatively diagnosed with multiple sclerosis. *Id*. at 726. Our Supreme Court held that the plain language of the statute required the plaintiff to prove that the defendant regarded her as having a characteristic that substantially limited one or more of her major life activities, and the plaintiff had not done that because:

> She presented no evidence that [her doctor] regarded her as unable to perform basic tasks of ordinary life. Indeed, from all indications, she was physically capable of performing her job duties. At most, [the] plaintiff presented evidence that she informed defendant that she had been tentatively diagnosed with multiple sclerosis and that he believed that this might substantially limit her major life activities in the future. Thus, the trial court properly granted summary disposition on plaintiff's claim that she was regarded as handicapped under the [Handicappers' Civil Rights Act].[1] [*Id*. at 734.]

Similarly, in this case, plaintiff provided the trial court with no evidence that defendant regarded her as unable to perform basic tasks of ordinary life. By her own admission, plaintiff tentatively informed defendant that she had a suspicious spot on her lung with no other information

---

[1] "In 1998, after plaintiff filed her claim, the name of the [Handicappers' Civil Rights Act] was changed to the Persons with Disabilities Civil Rights Act." *Michalski*, 463 Mich at 725 n 1. "Following the 1998 amendments to the act, the substance of MCL 37.1103(e); MSA 3.550(103)(e) is now found in MCL 37.1103(d); MSA 3.550(103)(d). Apart from substituting the word 'disability' for the word 'handicap,' the subsections are identical." *Id*. at 731 n 10.

substantiating a potential diagnosis or limits to her major life activities. Thus, the trial court did not err in granting defendant summary disposition on this issue.

## B. ELCRA

Next, the ELCRA prohibits employers from discriminating "against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." MCL 37.2202(1)(a). Without direct evidence of discrimination, a plaintiff may "present a rebuttable prima facie case on the basis of proofs from which a factfinder could infer that the plaintiff was the victim of unlawful discrimination." *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001) (cleaned up). To establish a prima facie case, a plaintiff must "present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination." *Id*. at 463.

If a plaintiff is able to establish a prima facie case of unlawful discrimination, "the defendant has the opportunity to articulate a legitimate, nondiscriminatory reason for its employment decision in an effort to rebut the presumption created by the plaintiff's prima facie case." *Id*. at 464. "The articulation requirement means that the defendant has the burden of producing evidence that its employment actions were taken for a legitimate, nondiscriminatory reason." *Id*. "At that point, in order to survive a motion for summary disposition, the plaintiff must demonstrate that the evidence in the case, when construed in the plaintiff's favor, is sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." *Id*. at 465 (cleaned up).

In this case, the parties do not dispute that plaintiff was in a protected class concerning her age, suffered an adverse employment decision, and was qualified for the position. Instead, plaintiff argues that the job was given to another person under circumstances giving rise to an inference of unlawful discrimination because the first-hired service writer was approximately 10-years younger than her. Michigan has not adopted the same "40-year-old threshold" that federal courts enforce, *General Dynamics Land Sys, Inc v Cline*, 540 US 581, 591-592; 124 S Ct 1236; 157 LEd2d 1094 (2004), and there is no "bright-line rule" regarding whether what type of discrepancy in age presents a prima facie discriminatory animus.

Nevertheless, assuming without deciding that plaintiff established a prima facie case of age discrimination, defendant provided evidence of a legitimate, nondiscriminatory reason for the termination of plaintiff's employment. Namely that a reduction of its hours of operation eliminated its need for two service-writer positions.

Plaintiff argues that defendant's reasoning was a pretext for discrimination because plaintiff was more qualified than the first-hired service writer and defendant did not offer plaintiff other employment. Plaintiff, ignores, however, that even though she had a Commercial Driver's License and the first-hired service writer purportedly did not, the job posting did not require applicants to have that license but only to "deliver vehicles to customers." Additionally, plaintiff did not apply for the positions that she now complains were not offered by defendant.

Further, "in determining whether an employment decision is a legitimate nondiscriminatory one, it must be noted that courts must not analyze the soundness of that decision." *Hazle*, 464 Mich at 464 n 7 (cleaned up). "In other words, courts must not second guess whether the employment decision was wise, shrewd, prudent, or competent." *Id*. (cleaned up). "Instead, the focus is on whether the decision was lawful, that is, one that is not motivated by a discriminatory animus." *Id*. (cleaned up). Thus, this Court will not second-guess whether defendant made a wise, shrewd, or prudent decision in determining that the first-hired service writer was more qualified, and even if plaintiff was more qualified than the first-hired service writer, that does not, by itself, show that the employment decision was motivated by a discriminatory animus.

Instead, plaintiff must demonstrate that the decision was motivated by the discrepancy in age. Plaintiff does not argue, however, whether the first-hired service writer's age was materially different from her own, and, in this case, there has been no evidence to substantiate that the 10-year difference between plaintiff and the first-hired service writer was material to defendant's employment decision. Consequently, the trial court did not err because plaintiff did not demonstrate that unlawful discrimination based on plaintiff's age was defendant's motivating factor.

III. CONCLUSION

Plaintiff's claim that defendant discriminated against her for a perceived disability is barred by our Supreme Court's holding in *Michalski*, and plaintiff has not demonstrated that her age was a motivating factor in defendant's employment decision after defendant presented evidence of a legitimate, nondiscriminatory reason.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle